UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

IN RE:

ANTOINETTE M. HOWARD,

        Debtor.
_____/

Case No. 12-65481-WSD
Chapter 7
Hon. Walter Shapero

## OPINION SETTING VALUE FOR REDEMPTION PURPOSES

Debtor moved under 11 U.S.C. § 722 and F. R Bankr. P 6008 to redeem her 2007 Pontiac Torrent by paying Michigan First Credit Union ("Creditor"), the lien holder, the sum of $3,000.00, alleging that to be the amount of the Creditor's allowed secured claim. As will be noted, the Creditor alleges that amount should be more than double the Debtor's figure, the only issue being what is the correct figure. There is also concurrently pending an associated motion by the Creditor to lift the stay with reference to this vehicle.

An evidentiary hearing was conducted on April 23, 2013. Aside from the testimony of the Debtor, all of the other evidence was documentary. The relevant evidence was (1) Debtor purchased the vehicle in February 2009 as a used vehicle for approximately $13,000.00; (2) at the time it had 29,500 miles, and, as of now, it has some 134,000 miles; (3) the vehicle is used primarily for personal use, going back and forth to work, etc.; (4) the vehicle needs some body work, is leaking some oil, and suffers from a shaking condition when the brakes are applied, a condition related to her (unsuccessfully she states) having the throttle body repaired recently; (5) a Kelley Blue Book (KBB) used car price sheet value, for such a vehicle in excellent condition, on a suggested retail basis shows $8,300.00; (6) a Kelley Blue Book used car price sheet on a "trade in value" basis shows values ranging from $4,635.00 for a vehicle in "excellent" condition to $3,085.00 for one in

1

"fair" condition; (7) a National Automobile Dealers Association ("NADA") used car valuation sheet , shows values ranging from $9,250.00 being the figure for "clean retail" to $6,425.00 for "clean trade-in" to $4,475.00 for "rough trade-in"; (8) recent repair estimates and an invoice showing the need for some $1,132.00 in needed repairs (some $663.00 of which Debtor actually had done) plus an invoice for recent tire replacement of $391.14. As noted, no expert testimony was submitted, nor did the documentary evidence include any photographs.

Debtor's position essentially is that the $3,085.00 figure is the correct one. Creditor calculates that the starting figure should be $9,250.00 from which is appropriately deducted the indicated $1,132.00 plus the $391.14, thus putting the proper number at $7,737.00.

In its opinion in the case of Geneva Pharr, case #10-47531, docket #21, this Court dealt with a not totally dissimilar situation and reviewed the applicable statute. In the course of doing so, it emphasized the language of 11 USC § 506(a)(2) and 722, which together set forth the applicable standard of inquiry as being replacement value defined as "the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time the value is to be determined." As noted in that opinion, the closest that the published valuation services of the type involved in this case comes to that standard, is that published as the "retail value".

In this case, the indicated retail value figure from Debtor was $8,300.00, but that was for a vehicle in excellent condition. The only "retail" figure from the Creditor was the indicated $9,250.00, which was the number for a "clean" vehicle, which the Creditor agreed needed to be diminished by the indicated amounts. Assuming, as the Court believes appropriate, for lack of any other explanation in the evidence, "clean" is essentially synonymous with "excellent" or "good" it appears there is little dispute that this particular vehicle's condition is best described as being fair

2

and not clean or excellent. The differences between the parties here essentially come from (a) the differences in the starting points of the inquiry, and (b) whether the indicated repair estimates put into evidence cover the universe of what goes into determining value and in particular the vehicle's current condition. As to the latter, the Court concludes there is more that is or is apt to be wrong with this vehicle than the specific repair estimates indicate. That needs to be coupled with (a) what this Court considers the advanced age of the vehicle, and (b) what the Court believes may be materially heavier than average annual use by this Debtor; and (c) a way to deal (essentially averaging) with the variations in the starting points between the KBB and NADA figures. Given the lack of more direct evidence as to value on the required standard, and most importantly the Court's indicated analysis of the facts in this case, the Court concludes the redemption value of this vehicle is $4,200.00.

Debtor shall present an appropriate order or orders which essentially does the following: (1) set the redemption value at the indicated figure; (2) give the Debtor 30 days from the entry of the order to effect the redemption; and (3) grants the Creditor a lift of the stay without further hearings or proceedings in the event the redemption is not timely effectuated.

**Signed on April 29, 2013**

          **/s/ Walter Shapero**
          **Walter Shapero**
          **United States Bankruptcy Judge**